# IN THE COURT OF APPEALS OF IOWA

––––––––––––––––––

No. 24-1593
Filed April 15, 2026

––––––––––––––––––

**State of Iowa,**
Plaintiff–Appellee,
v.
**Jodi Sue Lindquist,**
Defendant–Appellant.

––––––––––––––––––

Appeal from the Iowa District Court for Cerro Gordo County,
Magistrate Katherine Evans (bench trial) and
The Honorable Adam D. Sauer (appeal), Judge.

––––––––––––––––––

## REVERSED AND REMANDED

––––––––––––––––––

Leah Patton of Patton Legal Services, LLC, Ames, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

––––––––––––––––––

Considered without oral argument
by Schumacher, P.J., Ahlers, J., and Bower, S.J.
Opinion by Bower, S.J.

**BOWER, Senior Judge.**

Jodi Lindquist's court-appointed counsel withdrew from her case following the initial appearance on a misdemeanor assault charge. The county attorney informed the court they would not seek jail time, so rather than appointing new counsel, the court ordered Lindquist "must hire counsel at [her] own expense." Lindquist filed a renewed request for court-appointed counsel, which the court denied. There is no evidence in the record of Lindquist voluntarily waiving her right to an attorney, nor did the court conduct the relevant colloquy for self-representation.

The court convicted Lindquist of assault, a simple misdemeanor. She appeals, claiming in part that the trial court violated her state constitutional rights and her rule-based right to counsel. *See State v. Young*, 863 N.W.2d 249, 281 (Iowa 2015) ("[U]nder article I, section 10 of the Iowa Constitution, an accused in a misdemeanor criminal prosecution who faces the possibility of imprisonment under the applicable criminal statute has a right to counsel."); Iowa R. Crim. P. 2.61 (applying right to appointed counsel where defendant's simple misdemeanor prosecution includes the possibility of incarceration).

The State concedes the court's failure to appoint new counsel violated Lindquist's constitutional rights and her rule-based right to counsel. *See id.* And the State agrees Lindquist did not waive her right to counsel.

"The right [to counsel] is either respected or denied; its deprivation cannot be harmless." *State v. Cooley*, 608 N.W.2d 9, 18 (Iowa 2000) (citation omitted). Lindquist was denied her right to counsel without waiver or voluntarily electing self-representation, an "intrinsically harmful" error by the court affecting the proceeding's fundamental fairness. *See id.* at 16–17. Under these circumstances, we summarily reverse Lindquist's conviction and remand for new trial.

As for Lindquist's sufficiency-of-the-evidence claim—which could have been dispositive if successful—because we view the evidence in the light most favorable to the State on our review, *see State v. Fordyce*, 940 N.W.2d 419, 425 (Iowa 2020), the current record would not have supported reversal on that ground. So our reversal on the constitutional error means we remand for new trial with appointed counsel for Lindquist or a valid waiver of her right to counsel.

**REVERSED AND REMANDED.**